JOE TOSCANO ET AL., Plaintiffs and Appellees-Appellants, *v.* MAXIMINO POMALES, Defendant, and Appellant-Appellee.

No. 8360.    Argued February 18, 1942.—Decided April 28, 1942.

*Tomás Bernardini de la Huerta* for appellant-appellee.   *C. Domínguez Rubio* for appellees-appellants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiffs entitled the present action "for the recovery of money due on mortgage notes," and prayed the court for a judgment against the defendant ordering him to pay to them $1,000 as principal; $165 as interest at the rate of 1 per cent per month from February 1, 1938 to June 15, 1939; $25 as interest at 6 per cent per annum from June 15 to November 15, 1939; and $300 which they stipulated in the mortgage deed for expenses, costs, disbursements, and attorney's fees in case of judicial claim, together with the costs and attorney's fees in the action.

After the defendant had been summoned, he demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action.

The court heard the parties on the demurrer and, considering that the complaint contained the necessary allegations for an action of debt, overruled said demurrer and granted to the defendant ten days within which to answer.

The defendant moved for a judgment on the pleadings and the court rendered final judgment and confined itself to adjudging him to pay the $1,000 claimed, with interest thereon at the legal rate from the time of the filing of the complaint—November 18, 1939—until fully paid and the costs of the action, without including attorney's fees.

Both parties appealed from said judgment which was rendered on May 17, 1941, and the defendant has moved to dismiss the appeal taken by the plaintiffs. On the 18th of last February, the parties were heard through their attorneys on all the questions involved.

In our opinion, a dismissal does not lie. The ground for the motion is that the appeal was filed after the expiration of the statutory term, but the record of appeal fails to show any basis for the computation of such term, inasmuch as the date of the filing of the notice of judgment in the

record, from which such computation must be made, does not appear therein. *Vázquez* v. *Martinó,* 46 P.R.R. 294, and cases cited therein.

■ We will now proceed to consider the appeal taken by the defendant. In order to do this, it becomes necessary to examine the facts as alleged in the complaint. Said complaint is long and confused. We will try to summarize the same as briefly and as adequately as possible.

In a public deed dated June 11, 1929, the defendant Pomales and his wife stated that they had issued and subscribed five promissory notes payable to bearer for one thousand dollars each and secured by mortgage. Notes one, two, and three were transcribed and the mortgaged property was described.

About the year 1933, Pomales borrowed one thousand dollars from the plaintiffs through Attorney Domínguez Rubio, and secured the same by pledging the three promissory notes which he delivered to Dominguez Rubio, for the term of one year, counted from July 1, 1933, the debtor promising to pay interest at the rate of one per cent per month. After the expiration of said term, Pomales and Domínguez verbally granted successive extensions of the obligation at the same rate of interest.

Paragraphs 5 and 6 of the complaint, literally copied, read as follows:

"5. That the plaintiffs instituted a mortgage foreclosure proceeding against the defendant and after compliance with all the legal requisites, the property securing said promissory note was advertised for sale at public auction on two occasions without any bids being accepted or the plaintiffs applying for the award of the property to themselves, notwithstanding the possibility of prospective bidders.

"6. That the plaintiffs herein claim the benefit of the provisions of article 173 of the Mortgage Law Regulations."

It is further alleged that Pomales continued to pay the interest agreed upon until January 31, 1938, when he discontinued such payments, in spite of the demands made upon

him and of the express agreement set out in the contract of pledge and its extensions.

It is then alleged that the defendant owes to the plaintiffs the sums claimed, to which we have already referred, for which sums they demand judgment against him.

The defendant and appellant maintains that the contract of pledge—the one executed by Domínguez in favor of Pomales—which according to him is the basis of the claim, is void because the same was executed by one of the spouses only and because it has not been embodied in a public instrument.

He further urges that the very averments of the complaint show that the obligation sought to be enforced is void on the ground of usury.

We think that in view of the position taken by the trial court in considering the action instituted as merely one of debt, it is unnecessary to even consider the first ground of opposition, that is, the one relating to the constitution of the pledge.

As to the second, suffice it to say that when the court confined itself to the entry of a judgment for the principal sum and interest thereon at the legal rate from the filing of the complaint, disregarding the interest claimed under the alleged agreement, it took into consideration the Usury Act and applied the same within the scope fixed by this court in the cases of *Caraballo* v. *Registrar*, 48 P.R.R. 902, and *Fernández* v. *Registrar*, 49 P.R.R. 206.

It appears, indeed, from the complaint that on July 1, 1933, the plaintiffs lent to the defendant one thousand dollars at the rate of one per cent per month for the term of one year. This contract was valid under the law. It did not conflict with the statute then in force regarding usury.

But it also appeared from the complaint that the term of the loan was extended several times at the same rate of interest—12 per cent per annum—and the contract thus ex-

tended really violates the Usury Act then and now in force, as amended by Act No. 5 of 1933 (2), p. 26, that is, fixing at 9 per cent per annum the maximum legal rate of interest.

The case herein, therefore, is similar to those of *Caraballo,* and *Fernández, supra,* that is, it involves an extension, void as regards the interest, of a contract which was valid when executed as to its entirety—principal and interest—and, consequently, the doctrine laid down in the abovementioned decisions is applicable thereto.

The opinion of this court delivered by Mr. Justice Hutchison in the *Caraballo* case, *supra,* is ample and complete. It contains a full consideration of our legislation regarding usury. For the purpose of its application herein it will be sufficient for us to quote from the syllabus of the case as follows:

"Where a mortgage providing for the payment of interest at 12 per cent per annum was executed before Act No. 5 of 1933 (Session Laws (2) p. 26) went into effect, and after its maturity, and while the said act was in force, another contract is entered into extending the term of the mortgage and, among other things, containing the provision relative to payment of interest at the rate above stated, the contract violates the said act and is invalid in so far as it refers to the payment of interest."

In the *Fernández* case, *supra,* the opinion of this court was delivered by Mr. Justice Aldrey. It is short. It is confined to a recital of the facts and to a determination of the appeal in conformity with the decision in the *Caraballo* case, the doctrine being ratified in the following terms:

"After August 17, 1933, when Act No. 5 of that year (Sess. Laws (2), p. 26) went into effect, no valid agreement extending the term of a mortgage and containing a provision relative to the payment of interest at the rate of 12 per cent per annum can be made."

Having reached the above conclusions it is clear that the appeal taken by the defendant must be denied. The one taken by the plaintiff must likewise be overruled.

■ From the examination we have just made of the complaint and of the construction placed upon it by the trial court, it clearly appears that said court granted to the plaintiffs all the relief to which they were entitled under the facts and the law. The plaintiffs, however, insist that such is not the case.

We will not take up again the matter of the usurious interest. This question has already been definitely decided against them. We will only refer to the question raised by them in paragraphs 5 and 6 of the complaint, which we fully transcribed at the beginning of this opinion.

Article 173 of the Mortgage Law Regulations, on which plaintiffs rely, reads as follows:

"Art. 173. If any auction shall have been held at which bids equal to the credits having preference over that of the claimant were admissible, and the property should not have been sold, nor the award requested within the next ten days, the proceedings shall be closed without further remedy, the right being reserved to the execution creditor to bring an action for the recovery of his credit by means of declaratory or ordinary execution proceedings, with the costs of the summary proceedings, against any property whatsoever belonging to the persons liable."

In the first place, the allegations of the complaint, as may be seen at first view, are indefinite and do not fully conform to the terms of the legal provision invoked.

In the second place, the appellant has failed to show to us satisfactorily that such a provision is applicable to a case like the present. We have seen that not all the prayers of the complaint were well-founded. The charging of interest at 12 per cent per annum conflicted with the statute and could be disregarded as in fact it was disregarded because an ordinary action was involved. If the mortgage foreclosure proceeding, alleged to have been instituted, had been proceeded with, and if the property mortgaged as security had been sold or awarded, such sale or award should have been made to cover the principal and interest, and as the

amount of interest claimed was in violation of the law, the whole proceedings, if attacked would have been declared void.

Therefore, the contention made has no basis to stand upon. Article 173 of the Mortgage Law Regulations presupposes the existence of a valid proceeding.

As to the assignment of error based on the failure of the court to include attorney's fees in the award of costs, it will be sufficient to refer to the same after knowing the antecedents and the attendant circumstances of the case in order to conclude that said assignment is without merit.

The judgment appealed from must be affirmed.